NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0151n.06
Filed: February 24, 2006

No. 05-5331

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **LAMONT ROGERS**, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellant*, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | **O P I N I O N** |
| **GLENN MCCULLOGH, JR.**, in his Official Capacity as Director of the Tennessee Valley Authority, | | |
| | | |
| *Defendant-Appellee*. | | |

**BEFORE:**     **COLE, CLAY, and GIBBONS, Circuit Judges.**

**PER CURIAM.**   Lamont Rogers filed a complaint in district court alleging that the Tennessee Valley Authority ("TVA") violated his rights under the First and Fifth[1] Amendments of the Constitution by retaliating against him when he brought work-place safety problems to the attention of two federal agencies.  The district court granted the TVA's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  Specifically, the district court held that Rogers's complaint was preempted by the Civil Service Reform Act of 1978, *see* Pub. L. 95-454, 92 Stat. 1111 *et seq*.

---

[1]Rogers actually alleges a violation of the First and Fourth Amendments.  However, his complaint alleges in part that he was denied due process by the federal government; this claim properly falls under the Fifth Amendment.  *See* U.S. Const. Amend. V.

Rogers did not file a response to the TVA's motion to dismiss, nor did he appeal the dismissal of his complaint. However, Rogers did file a motion, pursuant to Federal Rule of Civil Procedure 60(b), to set aside the judgment dismissing his action. In this motion, Rogers claimed that his timely reply was lost in transit, and argued that his complaint should not have been dismissed for failure to state a claim. The district court decided to revisit its judgment, and concluded again that Rogers's claim was preempted. Following a careful review of the record and having considered the arguments of both parties on appeal, we conclude that the district court's opinion fully addressed Rogers's motion and that the court properly ruled in favor of the TVA.

In sum, we **AFFIRM** the district court's judgment on the basis of its opinion.